USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/09/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STEPHAN BOGNAR,**<br><br>*Plaintiff,*<br>v.<br><br>**INTEGRAL HEALTH & WELLNESS, LLC,**<br>**NYDG FOUNDATION INC.,**<br>**JEAN PIERRE VAN LAERE,**<br>**VAN LAERE LLC,**<br>**DAVID COLBERT,**<br>**DAVID COLBERT, LLC,**<br>**JOHN DOES 1-10 and**<br>**XYZ CORPORATIONS 1-10,**<br><br>*Defendants.* | Case No. 1:23-cv-00278 (VN-SN)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Confidential Information shall not, however, include any information which (i) was publicly known and made generally available in the public domain prior to the time

of disclosure by the disclosing party; (ii) becomes publicly known and made generally available after disclosure by the disclosing party to the receiving party through no action or inaction of the receiving party; (iii) is already in the possession of the receiving party at the time of disclosure by the disclosing party as shown by the receiving party's files and records immediately prior to the time of disclosure; (iv) is obtained by the receiving party from a third party without a breach of such third party's obligations of confidentiality; (v) is independently developed by the receiving party without use of or reference to the disclosing party's Confidential Information, as shown by documents and other competent evidence in the receiving party's possession; or (vi) is required by law to be disclosed by the receiving party, provided that the receiving party gives the disclosing party prompt written notice of such requirement prior to such disclosure and assistance in obtaining an order protecting the information from public disclosure.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Material designated "For Attorneys' or Experts' Eyes Only" (the "Designated Materials") shall apply to materials that consists of information or materials which, if disclosed might cause competitive harm to the Designating Party. Information and material that may be subject to this protection includes, but is not limited to, trade secrets, technical and/or research and development data, agreements with non parties, intellectual property, bank statements, tax returns, financial, marketing and other sales data, and/or information having strategic commercial value pertaining to the designating party's trade or business. Materials designated "For Attorneys' or Experts' Eyes Only" materials may be disclosed only to the following:

   a. Persons who appear on the face of Designated Materials as an author, addressee, or recipient thereof, said disclosure limited to the portion of the

    Designated Material to which the person had prior access as an author, addressee, or recipient;

  b. Counsel for the parties to this action;

  c. Any person retained as an expert or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

  d. The Court, its clerks and secretaries, any court reporter retained to record proceedings before the Court, and any court reporters retained to transcribe depositions

7. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or

information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/ James Bartolomei* | */s/ John D'Ercole* |
| James Bartolomei | John D'Ercole |
| **DUNCAN FIRM, P.A.** | Marshall Gluck |
| 809 W. 3rd Street | **LEECH TISHMAN ROBINSON** |
| Little Rock, Arkansas 72201 | **BROG, PLLC** |
| (501) 228-7600 (T) | 875 3rd Ave. |
| (501) 228-04165 (F) | New York, NY 10022 |
| | T: 212.603.6300 (T) |
| Bryan D. Hoben | F: 212.956.2164 (F) |
| **HOBEN LAW** | |
| 1112 Main Street | *Attorneys for Defendants* |
| Peekskill, New York 10566 | |
| (347) 855-4008 (T) | Dated: June 7, 2023 |
| (914) 992-7135 (F) | |

*Attorneys for Plaintiff,*
*Stephan Bognar*

Dated:  June 7, 2023

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 9, 2023
   New York, New York

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

I hereby agree that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.   By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED:

_____
[NAME] Signed in the presence of:


_____
(Attorney)